IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY LEE ELLERBE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:20CV544 |
| ) | 1:18CR237-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was charged in an Indictment [Doc. #1] in this Court with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pled guilty and subsequently received a sentence of 50 months of imprisonment. He did not appeal, but instead filed a Motion [Doc #23] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Government filed a Response [Doc. #28]. Despite being informed of his right to file a Reply and that a failure to file one might result in the loss of his case, Petitioner did not file any Reply. His Motion is now before the Court.

Claims

Petitioner's Motion sets out two claims for relief, both of which are different versions of the same argument: that Petitioner's guilty plea was not proper because he was not aware of the scienter element of § 922(g)(1) as described in Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019).

Discussion

Under § 922(g)(1), any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing firearms that have moved in commerce. According to Rehaif, "the Government must prove both that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. There is no requirement that he also know that his possession is against the law.

Here, Petitioner was indicted, pled guilty, and was sentenced prior to the decision in Rehaif. Petitioner's claims necessarily hinge on the question of whether or not he knew that he had a prior conviction that carried a penalty of more than a year of imprisonment. After the filing of Petitioner's Motion, the United States Supreme Court decided Greer v. United States, ___ U.S. ___, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under Rehaif that were raised for the first time on direct appeal and subject to plain error analyses. To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" Greer, 141 S. Ct. at 2096 (quoting Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under Rehaif 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" Id. at 2098 (quoting United States v. Lavalais, 960 F.3d 180, 184 (2020)). The Court therefore concluded that "a Rehaif error is not a basis for plain-error relief unless

2

the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Id. at 2100. ("A Rehaif error in jury instructions is therefore not structural. And it follows that a Rehaif error in a plea colloquy is likewise not structural. The omission of that mens rea element from a plea colloquy—like the omission of that mens rea element from jury instructions—does not affect the entire framework within which the proceeding occurs."). Under Greer, a petitioner must show prejudice from any alleged error.

Further, the burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Therefore, in light of the standard set out above in Greer, at a minimum to establish prejudice Petitioner would have to make a sufficient argument or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year of imprisonment. Here, Petitioner fails to do so and, in fact, never clearly claims that he did not know he had a prior felony conviction at the time he possessed the firearm in question. Moreover, as set out in the Presentence Report in Petitioner's criminal case, he had previously been convicted in North Carolina of felony possession with intent to sell and deliver marijuana for which he received a sentence of 4 to 14 months of imprisonment, suspended, and was on supervision for that conviction at the time of the present offense. (Presentence Report [Doc. #19], ¶¶ 29.) He stated to law enforcement officers that he knew he was not supposed to be around firearms, and he

attempted to flee from officers to avoid being caught with the firearm. (Id. ¶ 7.) Further, less than a month prior to committing the present offense, Petitioner was arrested and charged by state authorities with felony possession of a firearm by a felon. (Id. ¶ 36.) Given all of these facts, Petitioner cannot credibly claim that he did not know he had been convicted of a crime carrying more than a year of imprisonment. In fact, although not required for his conviction, he clearly knew that he could not have a firearm in his possession. His claims fail and should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #23] to vacate, set aside, or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 8th day of June, 2023.

                                               /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge